UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:04-cv-1741-DFH-WTL |
| v. ) | |
| ) | |
| APPALACHIAN RAILCAR SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

ENTRY ON DEFENDANT'S MOTION TO DISMISS COUNT II

This diversity case is before the court on a motion to dismiss that calls for the court to make a choice of law. Plaintiff CSX Transportation, Inc. paid more than $429,000 to defendant Appalachian Railcar Services, Inc. ("ARS") for damages to railcars owned by ARS. The railcars had derailed on track in Indiana that CSX assumed it owned. After CSX sent ARS the money, CSX learned that it did not actually own the track where the derailment occurred, so that it should not have been liable to ARS for the damage to its railcars. CSX then filed this two-count action seeking to recover the sum it paid to ARS. Count I alleges unjust enrichment. Count II alleges negligent misrepresentation.

ARS has moved to dismiss Count II, arguing that Indiana law does not recognize a cause of action for negligent misrepresentation. ARS moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to

state a claim upon which relief can be granted. The court can grant such a motion only if as a matter of law no set of facts consistent with the complaint would allow the plaintiff to obtain relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). In analyzing the motion, the court must assume all the factual allegations of the complaint are true. *Id.*

Defendant ARS attacks only the legal theory advanced in Count II, not the supporting facts. Plaintiff CSX readily admits that negligent misrepresentation is not a viable cause of action in Indiana, at least for purposes of this commercial dispute between two rail companies. CSX argues, though, that under Indiana choice of law rules, the substantive law of Florida or West Virginia would apply, and that those states allow a claim for negligent misrepresentation.

A federal district court with diversity jurisdiction applies the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *Jean v. Dugan*, 20 F.3d 255, 260-61 (7th Cir. 1994). The Seventh Circuit advises that it is first wise to determine if there is a difference in the substantive law of the states at issue before going through the particular choice of law analysis adopted by the trial court's state of residence. *Id.* Florida recognizes an independent action for negligent misrepresentation. See *Standard Jury Instructions - Civil Cases (No. 02-1)*, 828 So.2d 377, 378 (Fla. 2002); *Atlantic National Bank v. Vest*, 480 So.2d 1328, 1331-32 (Fla. App. 1985). West Virginia appears to recognize such claims in at least some contexts, such as when a real

estate broker has a sufficiently "special" relationship or duty to a buyer. *Kidd v. Mull*, 595 S.E.2d 308, 317 & n.11 (W. Va. 2004), quoting *Teter v. Old Colony Co.*, 441 S.E.2d 728, 730 (W. Va. 1994). Whether West Virginia would recognize such a claim in this case is not clear. Indiana does not recognize claims for negligent misrepresentation, at least outside the realm of employment relationships. *Jim Barna Log Systems Midwest, Inc. v. General Casualty Ins. Co.*, 791 N.E.2d 816, 830 (Ind. App. 2003); *Darst v. Illinois Farmers Ins. Co.*, 716 N.E.2d 579, 584 (Ind. App. 1999). In light of these differences, the choice of law could be decisive here, at least as between Indiana and Florida law.

In choosing the law to apply to tort claims such as negligent misrepresentation, Indiana applies a modified form of the principle of *lex loci delicti*, the law of the place of the tort. *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071 (Ind. 1987). If the place of the tort bears little connection to the underlying action, the court may move on to consider: (1) the place where the conduct which caused injury occurred; (2) the residence or place of business of the parties; and (3) the place where the relationship is centered. *Id.* at 1073-74. These elements are not to be applied woodenly, but should be evaluated in line with their relative importance to the particular case. *Id.* at 1074.

In deciding where a tort occurred, Indiana looks to where the last event necessary to attach liability takes place. *Id.* at 1073. In this case CSX argues that it was damaged and the tort was complete when it made the payment to ARS for

the damaged railcars. CSX asserts that it sent its check from its home offices in Florida. Which brings the court to the question whether the state of Florida bears any significant connection to the underlying action. The answer is not much. It is true that Florida is the home state of CSX. However, West Virginia is the home state of ARS, and West Virginia has about as much to do with the case as Florida. It also could be argued that the tort was not complete until ARS cashed the CSX check, presumably in West Virginia, but perhaps elsewhere.

But the state at the heart of this dispute is Indiana. The railcars derailed in Indiana. The parties' activities concerned resolution of a dispute that arose in Indiana and that would have been litigated in Indiana, absent an agreement. Also, the tort-contract dichotomy in Indiana choice of law doctrine is stretched to the limit here, for CSX has pled a tort claim alleging a tortious act in the formation of a contract – a contract for resolution of a ripening dispute over liability for damage to the railcars. In contract cases, Indiana applies a most-significant-contacts test. *Hubbard Mfg. Co.*, 515 N.E.2d at 1073; *W.H. Barber Co. v. Hughes*, 63 N.E.2d 417 (1945). "The court will consider all acts of the parties touching the transaction in relation to the several states involved and will apply as the law governing the transaction the law of that state with which the facts are in most intimate contact." *W.H. Barber Co.*, 63 N.E.2d at 423.

Although CSX paid ARS before any lawsuit was filed, the events giving rise to the original claim for payment occurred in Indiana. It would be reasonable to

expect that litigation over the railroad accident itself would be most likely to occur in Indiana. This case therefore is similar to those in which choice of law rules have been applied to disputes over agreements to settle lawsuits. In such cases, courts generally apply the law of the state where the lawsuit was pending, absent unusual circumstances not present here. See *Tiernan v. Devoe*, 923 F.2d 1024, 1033 (3d Cir. 1991) (applying Pennsylvania law to dispute over agreement to settle litigation pending in Pennsylvania over building collapse in Pennsylvania); *Phoenix General & Health Services, Inc. v. Advanced Medical Diagnostic Corp.*, 162 F. Supp. 2d 146, 155 (E.D.N.Y. 2001) (applying New York law to fraudulent conveyance action challenging settlement of litigation in New York), *aff'd in relevant part*, 51 Fed. Appx. 348, 2002 WL 31628404 (2d Cir. 2002); *Pasant v. Jackson Nat'l Life Ins. Co.*, 751 F. Supp. 762, 764 (N.D. Ill. 1990) (applying Michigan law to dispute over agreement to settle litigation pending in Michigan); *In re Jackson*, 311 B.R. 195, 198 (Bankr. W.D. Mich. 2004) (applying Michigan law to dispute over agreement to settle lawsuit in Michigan); cf. *Atlantic Mutual Ins. Co. v. Truck Ins. Exchange*, 797 F.2d 1288, 1292 (5th Cir. 1986) (applying New York law to dispute over agreement to settle Texas lawsuit when all insurers involved in dispute were located in New York); but see *Samra v. Shaheen Business and Investment Group, Inc.*, 355 F. Supp. 2d 483, 495 (D.D.C. 2005) (applying Florida law to dispute over settlement of District of Columbia litigation).

In this case, the most important element is where the relationship of the parties was centered. Where a party was located geographically when it made or

received a communication is not important here.  The communications all concerned resolution of a dispute over an accident that occurred in Indiana. Unlike the *Atlantic Mutual Insurance* case above, the parties to this dispute do not share a residence or principal place of business.  Both parties here did business in Indiana, and the relevant relationship between them is centered in Indiana. Who owned the track where the cars derailed will be determined pursuant to Indiana property law.  CSX has even pled in its Complaint that "a substantial part of the events giving rise to the claim occurred in this district."  Accordingly, Indiana has much more to do with this dispute than either Florida or West Virginia.  Indiana tort law should apply.  Indiana law requires dismissal of Count II.

Finally, both parties asked for fee awards on this motion.  Both requests are denied.  CSX's suggestion that it is entitled to fees under 28 U.S.C. § 1927 is frivolous.  Contrary to CSX's argument, ARS was not required to anticipate CSX's reliance on the law of other states.  ARS's request is also frivolous.  ARS argued that CSX did not follow proper procedure under Indiana law, Ind. Code § 34-38-4-4 for giving notice of its intent to assert and rely upon the law of another jurisdiction.  CSX was not required to follow Indiana's rules for signaling reliance on foreign law.  In diversity cases, this court applies state substantive law but federal procedural law.  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 346 (7th Cir. 1997); cf. Fed. R. Civ. P. 44.1 (establishing procedure for giving notice of reliance on law of foreign nation in federal civil lawsuit).  ARS's request for fees under

28 U.S.C. § 1927 assumes the contrary and ignores the basic substance-procedure dichotomy under the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). With that said, the court hopes that counsel, before concluding that they need to file a motion to dismiss, would actually discuss with one another their respective contentions so that they could at least know from the outset which arguments need to be addressed.

*Conclusion*

Defendant's motion to dismiss Count II is hereby granted for failure to state a claim upon which relief can be granted.

So ordered.

Date: April 27, 2005

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies electronically sent to:

Jeffrey D. Cohen
JANSSEN KEENAN & CIARDI P.C.
jcohen@janssenkeenan.com

Shannon McClellan Cohen
SCOPELITIS GARVIN LIGHT & HANSON
scohen@scopelitis.com lnewton@scopelitis.com

Frank J. Deveau
SOMMER BARNARD ATTORNEYS, PC
fdeveau@sommerbarnard.com smoreland@sommerbarnard.com

Paul D. Keenan
JANSSEN KEENAN & CIARDI P.C.
pkeenan@janssenkeenan.com

Brad R. Sugarman
SOMMER BARNARD ATTORNEYS, PC
bsugarman@sommerbarnard.com